CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT D. MINOR, | ) | CASE NO. 7:15CV00021 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J. F. WALRATH, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Lamont D. Minor, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Minor alleges that although he notified officials at Red Onion State Prison that he had enemies there, they failed to prevent him from being attacked and injured by another inmate in October 2014. With the complaint, Minor filed a motion for a preliminary injunction. After review of the record, the court denies the motion.

In his motion, Minor asserts that unidentified Red Onion officers and administrators are threatening to kill him if he does not withdraw unspecified complaints he has filed at the prison and in court. He alleges that "officers have [gone] as far as sexual assault [on] me, put razorblades in my food, [and] writ[ten] bogus charges."

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Moreover, plaintiff must show more than a "possibility" of irreparable harm—rather, he must show that imminent, "irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis in original).

Minor does not indicate that he has filed administrative remedies available at Red Onion to inform officials there about the alleged threats on his life or the other adverse actions taken against him. Until he has exhausted administrative remedies on these issues, he cannot bring any court action related to them. See 42 U.S.C. § 1997e(a). Moreover, until he has given prison officials the necessary information and time to address his concern, he cannot show that court intervention is his only means for relief, as required under Winter to justify an interlocutory injunction. Furthermore, Minor does not indicate what relief he wants the court to order or what official would have authority to provide that relief.

For these reasons, the court must deny plaintiff's motion for interlocutory injunctive relief. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of January, 2015.

/s/ Jon Conrad
Chief United States District Judge