CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 02 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT D. MINOR, | ) | CASE NO. 7:15CV00021 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J. F. WALRATH, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Lamont D. Minor, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Minor alleges that although he notified officials at Red Onion State Prison that he had enemies in a certain housing unit, he was transferred to that unit, where another inmate attacked and injured him in October 2014. By separate order, the court will serve Minor's complaint on the defendant prison officials who allegedly failed to protect him. The court finds, however, that Minor's separate claim against Red Onion physician, B. Mullins, must be summarily dismissed.

Minor claims that an unnamed inmate punched him and then jumped on his back. Since the attack, Minor has allegedly suffered from "severe pain" in his lower back. (Compl. 5, ECF No. 1.) He sues Dr. Mullins for monetary damages, alleging that the doctor "has yet to send me to a back or nerve specialist for spasms and pain in my back." (Id.)

The court is required to dismiss a claim filed by a prisoner who "seeks redress from a governmental entity or officer" if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). To act with deliberate indifference, an official must have been personally aware of facts indicating a substantial risk of serious harm, actually recognized the existence of such risk, and responded unreasonably to it. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. Estelle, 429 U.S. at 105-106; see also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) ("[T]he essential test is one of medical necessity and not simply that which may be considered merely desirable").

Minor's brief allegations against Dr. Mullins do not state any plausible constitutional claim regarding Minor's medical care. Minor does not allege that Dr. Mullins has denied him all treatment for his back pain. He merely states his personal desire to be evaluated by a specialist. Such a disagreement with the doctor's medical judgments about the appropriate course of treatment for Minor's condition does not satisfy the deliberate indifference standard. Therefore, the court finds that Minor's complaint against Dr. Mullins must be summarily dismissed without prejudice under § 1915A(b)(1), as frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This *27th* day of February, 2015.

/s/ Jun Conrad
Chief United States District Judge