IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LAMONT D. MINOR,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:15cv00021 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **J. F. WALRATH, et al.,** | ) | United States Magistrate Judge |
| Defendants | ) | |

The pro se plaintiff, Lamont D. Minor, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Red Onion State Prison, ("Red Onion"). This case is before the court on the plaintiff's Motion For Emergency Preliminary Injunction, (Docket Item No. 18), and Motion For Temporary Restraining Order, (Docket Item No. 28) ("Motions"). The Motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

Minor brings this action against defendants J. F. Walrath, Assistant Warden of Red Onion, Randy Mathena, Warden of Red Onion, M. Younce, Unit Manager of Red Onion A Building, Lt. J. McQueen, Red Onion Institutional Investigator, R. Murphy, Counselors B. Turnbill, P. Sykes and J. King and Correctional Officers Lt. G. Adams, Sgt. D. Barton and R. Clevinger. Minor's claims against another defendant, B. Mullins, were dismissed previously. Minor's claims allege that the defendants failed to protect him from violence from another inmate. The Motions currently before the court seek injunctive relief against the defendants and nonparties, B. Akers, H. Newberry and J. Flemming.

The Motions claim that defendant King and Akers, Newberry and Flemming have threatened and are continuing to threaten harm to Minor and his family if Minor does not dismiss this action against the defendants. Minor also claims that the defendants have refused to give him his prescribed medication, have refused to allow him to participate in outdoor recreation, have refused to give him complaint forms and have tampered with his mail, all in retaliation for filing this action.

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

Based on the information currently before the court, I find that Minor has failed to establish that the entry of a preliminary injunction is appropriate against the nonparties, Akers, Newberry and Flemming. The court has no jurisdiction to issue injunctive relief against parties not properly before the court. The Fourth Circuit has clearly held that injunctive relief, even preliminary injunctive relief like

that sought here, cannot be enforced against an individual over whom the district court has not obtained personal jurisdiction through valid service of process. In *R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943, 957 (4th Cir. 1999), the court held that injunctive relief can be granted only in an in personam action commenced by one party against another in accordance with established process. Thus, a party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity with that person. *See R.M.S. Titanic, Inc.,* 171 F.3d at 957. Similarly, in *Gilchrist v. Gen. Elec. Capital Corp.,* 262 F.3d 295, 301 (4th Cir. 2001) (quoting FED. R. CIV. P. 65(d)), the court held that unless the district court had personal jurisdiction over creditors in the underlying debt collection action and they were served with process, the district court could be without power to enforce an injunction against them unless they could be shown to have been "in active concert or participation with" parties over whom the court had jurisdiction.

For these reasons, I find that the injunctive relief sought by Minor against the nonparties, Akers, Newberry and Flemming is not appropriate because the court has not obtained personal jurisdiction through valid service of process over any of these individuals. Since the Motion For Temporary Restraining Order, (Docket Item No. 28), is directed entirely toward these nonparties, I will recommend that the court deny this motion. I also will recommend that the court deny the Motion For Emergency Preliminary Injunction, (Docket Item No. 18), insofar as it requests the entry of injunctive relief against these nonparties. Insofar as the Motion For Emergency Preliminary Injunction, (Docket Item No. 18), seeks relief against the defendants, that matter will be set for evidentiary hearing.

# PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Minor has failed to establish that the entry of a preliminary injunction is appropriate against the nonparties, Akers, Newberry and Flemming;
2. The court should deny the Motion For Temporary Restraining Order, (Docket Item No. 28), in its entirety; and
3. The court also should deny the Motion For Emergency Preliminary Injunction, (Docket Item No. 18), insofar as it requests the entry of injunctive relief against the nonparties, Akers, Newberry and Flemming.

# RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion For Temporary Restraining Order, (Docket Item No. 28), in its entirety and deny the Motion For Emergency Preliminary Injunction, (Docket Item No. 18), insofar as it requests the entry of injunctive relief against the nonparties, Akers, Newberry and Flemming.

# Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Elizabeth K. Dillon, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: June 2, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE