IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT D. MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:15-cv-00021 |
| | ) | |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| J.R. WALRATH, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Lamont D. Minor, a Virginia Department of Corrections ("VDOC") inmate

proceeding *pro se*, filed a § 1983 action alleging that defendants—officials or officers at the Red

Onion State Prison where he is housed—failed to protect him from violence from another

inmate.  This matter is before the court on Minor's motion for temporary restraining order (Dkt.

No. 28) and motion for emergency preliminary injunction (Dkt. No. 18).  Both motions were

referred to the Honorable Pamela Meade Sargent, pursuant to 28 U.S.C. § 636(b)(1)(B), for

proposed findings of fact and a recommended disposition.

On June 2, 2015, Judge Sargent issued a Report and Recommendation ("Report").  (Dkt.

No. 59.)  In it, she noted that both motions seek injunctive relief against nonparties to the case.

(Dkt. No. 59.)  Specifically, the Report found that the motion for temporary restraining order

seeks relief only against nonparties (Akers, Newberry, and Flemming, none of whom are named

as defendants), and that the motion for emergency preliminary injunction seeks relief against the

same nonparties, as well as against some named defendants.  (*Id.* at 3.)

The Report reasoned that a party cannot obtain injunctive relief against another without

first obtaining in personam jurisdiction over that person or someone in legal privity with that

person. (*Id.* (citing *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) and *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001)).) On this basis, the Report recommended that the court deny the motion for temporary restraining order, and deny in part the motion for emergency preliminary injunction to the extent it requests the entry of injunctive relief against the nonparties. Judge Sargent has also set the preliminary injunction motion for an evidentiary hearing, insofar as it requests relief against defendants in the case.

Minor timely filed objections to the Report. (Dkt. No. 65.) His objections consist of a single paragraph, in which he cites to no legal authority at all, let alone any that contradicts the authority cited in the Report. Instead, he acknowledges that the court does not have jurisdiction over Akers, Newberry, and Flemming, but contends that they "are acting on the behalf of Defendants J. King [and] J.R. Walrath and if a Temporary Restraining order isn't issued there is a likelihood that I would be subject to irreparable harm. These individuals have threatened to beat or kill me and my family and if the restraining order isn't issued the threat maybe [sic] carried out." (Dkt. No. 65 at 1.)

Having conducted a de novo review of the Report, *see* 28 U.S.C. § 636(b)(1)(C), and having considered Minor's objections, the court will overrule his objections and adopt the Report and Recommendation in its entirety. As explained in the Report, the court generally cannot order the extraordinary remedy of injunctive relief against a person who is not a party to the lawsuit. The court's ruling does not limit or prevent the filing of any action by the plaintiff against the non-parties.

Accordingly, it is hereby ORDERED that:

2

1. Minor's objections to the June 2, 2015 Report and Recommendation are OVERRULED and the Report is ADOPTED in its entirety;

2. Minor's motion for temporary restraining order (Dkt. No. 28) is DENIED;

3. Minor's motion for emergency preliminary injunction (Dkt. No. 18) is DENIED IN PART, insofar as it seeks injunctive relief against nonparties. The court makes no ruling as to the motion for emergency preliminary injunction with regard to the defendants, but will await a report following the evidentiary hearing that has already been set in this matter.

The Clerk is directed to send copies of this order to counsel of record and the unrepresented parties.

Entered: June 17, 2015.

*Elizabeth K. Dillon*
United States District Judge

3