IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGEL ABDULSAMI ABDULLAH, ) <br> formerly known as Lamont D. Minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.R. WALRATH, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:15-cv-00021 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**ORDER**

Plaintiff Angel Abdulsami Abdullah (known as Lamont D. Minor when he filed this lawsuit), a Virginia Department of Corrections inmate proceeding *pro se*, filed a § 1983 action alleging that defendants—officials or officers at the Red Onion State Prison where he was housed when he filed his complaint—failed to protect him from violence from another inmate. This matter is before the court on plaintiff's motion for emergency preliminary injunction (Dkt. No. 18). The motion was referred to United States Magistrate Judge Pamela Meade Sargent, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition.

On June 2, 2015, Judge Sargent issued a report and recommendation on this motion, as well as on plaintiff's motion for temporary restraining order (Dkt. No. 28). That report recommended that plaintiff's requests for injunctive relief, insofar as they sought relief against non-parties, be denied. (Dkt. No. 59.) The court adopted that recommendation over plaintiff's objections. (Dkt. No. 67.)

Subsequently, Judge Sargent held a hearing and issued a second report and recommendation on September 1, 2015, which addresses the remaining relief sought in the

motion for preliminary injunction, and recommends that the motion be denied. (Dkt. No. 87.) Abdullah was required to file any objections not later than September 18, 2015, and, as of today, the Clerk has not received anything from Abdullah.

The court has reviewed the report and recommendation. It appears that the report utilizes the *Blackwelder* standard for granting preliminary injunctive relief, as set forth in *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802 (4th Cir. 1991) (Dkt. No. 87 at 2–3.)[1] The *Blackwelder* standard, however, is more lenient than the standard adopted by the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008), and thus is no longer the applicable standard. *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, *Citizens United v. FEC*, 558 U.S. 310 (2010), *and reissued in relevant part*, *The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).

Under *Winter*, a plaintiff may obtain such relief only if he can "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014) (discussing and applying standard). While the four factors are similar to the prior standard, there are some differences, a crucial one being that plaintiff must establish all four requirements to obtain relief. *Winter*, 555 U.S. at 20; *The Real Truth About Obama, Inc.*, 575 F.3d at 346–37 (noting this difference, as well as other differences between the *Blackwelder* and *Winter* standards, such as that *Winter* requires the plaintiff to make a "clear showing" both that he will succeed on the merits and that he is likely to be irreparably harmed

---

[1] *Direx* applied a modified version of the standard from *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).

2

absent injunctive relief). Thus, the court will not adopt the report to the extent it relies on the *Blackwelder* standard.

Nonetheless, applying the *Winter* test in this case does not change the result. For the same basic reasons set forth in the report, the court concludes that Abdullah has not made a "clear showing" that he is entitled to the "extraordinary remedy" of preliminary injunctive relief. *See Winter*, 555 U.S. at 22. Based on the factual findings in the report, which the court adopts in their entirety, Abdullah cannot satisfy all four *Winter* requirements. The court will adopt, therefore, the remainder of the report, and will adopt its recommendation that the motion for a preliminary injunction should be denied.

It is accordingly ORDERED as follows:

1. The September 1, 2015 report and recommendation (Dkt. No. 87) is ADOPTED IN PART and REJECTED IN PART. It is adopted except to the extent it relies upon any standard for granting preliminary injunctive relief other than the standard set forth in the *Winter* decision; and

2. Abdullah's motion for emergency preliminary injunction (Dkt. No. 18) is DENIED.

The Clerk is directed to send copies of this order to counsel of record and to the unrepresented parties.

Entered: September 23, 2015

*Elizabeth K. Dillon*
United States District Judge

3