IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANGEL ABDULSAMI ABDULLAH, | ) | |
| Plaintiff, | ) | Civil Action No. 7:15cv00021 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J.F. WALRATH, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**ORDER**

Plaintiff Angel Abdulsami Abdullah, a Virginia inmate proceeding *pro se*, filed an action

pursuant to 42 U.S.C. § 1983, alleging that defendants—officials or officers at the Red Onion

State Prison where he was housed when he filed his complaint—failed to protect him from an

assault by another inmate, failed to intervene in the assault by the other inmate, and retaliated

against him for filing this lawsuit. Defendants moved for summary judgment and Abdullah

timely responded.

The court referred the matter to United States Magistrate Judge Pamela Meade Sargent

for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Sargent

subsequently filed a report, finding genuine disputes of material facts and recommending that the

court grant in part and deny in part the defendants' motion for summary judgment. Neither party

has filed objections to the report and recommendation within the time allotted.

Having reviewed the report and pertinent portions of the record, the court finds that it

contains no clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct

a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory

committee's note)).

Accordingly, it is hereby ORDERED that:

1) The Magistrate Judge's report and recommendation (Docket No. 89) is ADOPTED in its entirety.

2) Defendants' motion for summary judgment (Docket No. 62) is GRANTED IN PART as to Abdullah's claims against defendant Mathena and his claims for monetary damages against the defendants in their official capacity, and is DENIED IN PART as to all other claims against all other defendants.

3) The Clerk is DIRECTED to TERMINATE Mathena as a defendant to this action.

4) The Clerk is DIRECTED to set this matter for a jury trial in the Big Stone Gap Division.

5) The Clerk shall SEND a copy of this order to counsel and to any unrepresented parties.

Entered: December 1, 2015.

*Elizabeth K. Dillon*
United States District Judge